UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY BROWN, #470201,

        Petitioner,

v.                                  CASE NO. 07-CV-14723
                                   HONORABLE VICTORIA A. ROBERTS

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       This is a habeas case under 28 U.S.C. § 2254. Jeffrey Brown ("Petitioner"), a Michigan prisoner, was convicted of two counts of third-degree criminal sexual conduct following a jury trial in the Oakland County Circuit Court and was sentenced to concurrent terms of 7 to 15 years imprisonment in 2004. In his amended petition, he raises claims concerning the admission of letter excerpts, the validity of his sentence, and the effectiveness of trial counsel. Respondent filed an answer to the amended petition contending that it should be denied, because the claims are barred by procedural default, are not cognizable upon habeas review, and/or lack merit.

       For the reasons set forth, Petitioner is not entitled to habeas relief, and the Court denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his sexual misconduct with his 16-year-old stepdaughter while swimming at her grandfather's house in Highland, Michigan in the summer of 2002. Petitioner was charged with three counts of third-degree criminal sexual conduct.

At trial, the victim testified that Petitioner picked her up, put his hand inside the bottom of her bathing suit, and digitally penetrated her three times while they were swimming and playing in the pool with her younger siblings. She testified that she told him to stop and struggled to get away from him, but he persisted in assaulting her.

The victim also testified about other inappropriate sexual behavior by Petitioner. She explained that her family had "ice wars" at home in which they would put ice down each others' backs, but recalled occasions when Petitioner put ice down the front of her shirt and rubbed her breasts and pulled down her shorts and rubbed ice on her private area. The victim also described incidents in which Petitioner exposed himself to her while they were playing cards, showed her a picture of a naked woman on the computer, and peeked at her while she was in the shower.

Following the pool incident, the victim wrote a note to her mother telling her what had happened and recounting some of Petitioner's other improper conduct. Petitioner apologized to her and said that he was just playing and may have just gone too far. The victim's mother initially did not believe her, but changed her mind when the victim told her that Petitioner gave her "titty twisters," something he also did to her mother.

The victim's brother testified that he saw Petitioner pull down his sister's bathing suit bottom while they were swimming, but he did not recall seeing him put his hand into her suit or touch her private area. His sister did tell him that she was uncomfortable with Petitioner and asked him to watch out for her.

Janina Brown Blanton, the victim's mother and Petitioner's wife of nine years, testified that she confronted Petitioner about his behavior after receiving the note from her daughter, but he initially denied the allegations. When she told him about an interview with the Care Project, he admitted the shower incident and said he was sorry. He later admitted the "ice war" incident and expressed remorse. Petitioner asked Blanton for the victim's note, but she said that she had destroyed it. Petitioner thanked her because the letter would have given him 30 years in prison. After Petitioner moved out, he called and asked her to convince the victim not to testify against him. Petitioner did not admit digitally penetrating the victim.

Petitioner also wrote several letters to Blanton. Defense counsel objected to their admission on relevancy grounds. The trial court conducted an *in camera* review and allowed portions of the letters to be read to the jury. The court restricted the evidence to admissions against interest which were relevant and not cumulative. The court also instructed the jury that the letters would not be admitted into evidence, but that portions of them would be read to them. Blanton acknowledged during cross-examination that Petitioner did not admit to acts of digital penetration in his letters.

Livingston County Sheriff Deputy Wireman testified that interviewed Petitioner on May 5, 2003. Petitioner prepared a written statement in which he indicated that he did not blame the victim, that he should have never "crossed the line" with her, and accepted full responsibility for the inappropriate conduct. He did not admit to any acts of digital penetration. Deputy Wireman also testified that he was present when the victim was interviewed at the Care Project. He recalled that the victim only described one incident of digital penetration at the pool.

Petitioner did not testify at trial nor present his own witnesses. During closing

arguments, trial counsel challenged the victim's credibility and argued that the prosecution had failed to establish beyond a reasonable doubt that Petitioner had engaged in three acts of digital penetration of the victim.

The jury convicted Petitioner of two counts of third-degree criminal sexual conduct, but acquitted him of the third count. The trial court subsequently conducted a sentencing hearing. Defense counsel objected to the scoring of certain offense variables under the state sentencing guidelines, but the trial court overruled those objections. The trial court then sentenced Petitioner to concurrent terms of 7 to 15 years imprisonment on his convictions.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims concerning the admission of other acts evidence, the admission of the letter excerpts, the validity of his sentence, and the effectiveness of trial counsel. The Michigan Court of Appeals affirmed his convictions and sentence. *See People v. Brown*, No. 258825, 2006 WL 1041999 (Mich. Ct. App. April 20, 2006) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the letter excerpt, sentencing, and ineffective assistance of counsel claims. The Michigan Supreme Court denied leave to appeal in a standard order. *See People v. Brown*, 477 Mich. 911, 722 N.W.2d 842 (Oct. 31, 2006).

Petitioner signed his original petition for writ of habeas corpus on October 27, 2007 and the case was filed by the Court on November 2, 2007. He raised claims concerning the admission of other acts evidence, the admission of letter excerpts, the validity of his sentence, the effectiveness of trial counsel, and the sufficiency of the evidence. In May, 2008, Respondent moved to dismiss the petition on exhaustion grounds. The Court granted that motion and

4

dismissed the petition without prejudice on June 5, 2008. Petitioner moved to reopen this case to proceed only on his exhausted claims and filed an amended petition. The Court granted his request and reopened the case on July 14, 2008. Respondent filed an answer to the amended petition on September 24, 2008. Petitioner has not replied to that answer.

### III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

   A.    <u>Admission of Letter Excerpts</u>

Petitioner asserts that he is entitled to habeas relief because the trial court erred in admitting excerpts from the letters that he wrote to his wife following the incident. Petitioner argues that the partial admission violated the "rule of completeness," *see* Mich. R. Evid. 106; Fed. R. Evid. 106, as well as his due process rights. Respondent contends that this claim is barred by procedural default, is not cognizable, and lacks merit.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

7

If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing this claim, the court relied upon a state procedural bar – Petitioner's failure to request that the letters be admitted in their entirety. *See Brown*, 2006 WL 1041999 at *2. The failure to make a contemporaneous request or objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied this claim based upon Petitioner's failure to make a proper evidentiary request at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Petitioner alleges ineffective assistance of trial counsel as cause to excuse his procedural

default.  Petitioner, however, cannot demonstrate that counsel erred or that he was prejudiced because this claim lacks merit.

It is well-settled that alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant federal habeas relief.  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *see also Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

In this case, the admission of excerpts from Petitioner's letters to his wife did not violate state evidentiary law, nor did it violate due process.  The trial court admitted portions of the letters which were relevant and admissible as party admissions against interest.  The court was not required to admit the letters in their entirety under Michigan Rule of Evidence 601 because neither Petitioner nor his counsel moved for admission of the letters as a whole, and for good reason – parts of the letters contained inadmissible material.  Moreover, in reviewing this claim for plain error, the Michigan Court of Appeals determined that Petitioner "would not have been appreciably helped by inclusion of the letters in their entirety: at no point did he explicitly deny that he penetrated the complainant, but many of the statements he did make would likely have irretrievably inflamed the jury."  *Brown*, 2006 WL 1041999 at *3.  This Court agrees. Petitioner has not shown that the admission of the excerpts was misleading or confusing, nor has he shown that such a partial admission otherwise rendered his trial fundamentally unfair.

9

This claim lacks merit. Petitioner failed to establish cause and prejudice to excuse his procedural default.

Petitioner has also not established that a fundamental miscarriage of justice occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. Accordingly, this claim is barred by procedural default, lacks merit, and does not warrant habeas relief.

  B. <u>Sentencing</u>

Petitioner asserts that he is entitled to habeas relief because the trial court mis-scored certain offense variables (OV-4, OV-10, and OV-11) under the state sentencing guidelines and he was sentenced based upon inaccurate information. Respondent contends that this claim is not cognizable upon habeas review and/or lacks merit.

Claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp.2d 741, 745 (E.D. Mich.2001). Petitioner's challenge to the scoring of the offense variables is not cognizable on federal habeas review because it is basically a state law claim.

*See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). It is well-established that federal habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law, and federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is not warranted on Petitioner's state law sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich.1992).

Petitioner made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the pre-sentence report, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing issues. Petitioner has not shown that the trial court relied upon materially false or inaccurate information, which he had no opportunity to correct, in imposing his sentence. Petitioner's sentence was within the guideline range and, more importantly for federal habeas review, within the statutory maximum. Habeas relief is not warranted.

C.  Effectiveness of Trial Counsel

Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to seek suppression of his statements to police, for failing to object to the victim's allegations and other bad acts, for failing to properly investigate the case and present a defense, and for failing to object to the admission of the letter excerpts. Petitioner further asserts that habeas relief is warranted due to the cumulative effect of trial counsel's alleged errors. Respondent contends that these claims lack merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Petitioner asserts that trial counsel was ineffective for failing to seek suppression of his statements to police on the basis of relevancy and undue prejudice. The Michigan Court of Appeals denied relief on this claim, finding that trial counsel used Petitioner's police statement to argue that Petitioner came forth voluntarily, was cooperative, admitted to less serious indiscretions, and denied committing the charged offenses. The court concluded that Petitioner had failed to overcome the presumption that trial counsel's actions were sound trial strategy. *See Brown*, 2006 WL 1041999 at *4.

This decision is neither contrary to *Strickland* nor an unreasonable application thereof. The record reveals that trial counsel attempted to use Petitioner's police statements to his advantage in an effort to persuade the jury that while Petitioner engaged in some inappropriate behavior, he did not commit the charged offenses of digital penetration. This was a reasonable trial strategy. The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) ("an ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Moreover, any suppression motion by the defense would likely have been denied as it appears from the existing record that Petitioner's

statements were relevant and admissible and there is no evidence that they were involuntary. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328. Petitioner has not shown that counsel was ineffective.

Petitioner also asserts that trial counsel was ineffective for failing to object and/or sufficiently cross-examine the victim as to unsubstantiated allegations and other bad acts. The Michigan Court of Appeals denied relief on this claim, finding that the evidence was properly admitted such that counsel was not ineffective for failing to make futile objections and finding that counsel attempted to "highlight that the other incidents arose from innocent conduct, or to discredit the complainant." *See Brown*, 2006 WL 1041999 at *4.

This decision is neither contrary to federal law nor an unreasonable application of the law or the facts. The other acts evidence was relevant and admissible under Michigan law to show the absence of mistake or accident; the existence of a plan, system, or scheme; and/or to rebut a claim of fabrication. *See* Mich. R. Evid. 404(b). The trial court also instructed the jury about the proper consideration of such evidence. Given such circumstances, Petitioner cannot establish that counsel was ineffective. As noted, counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328.

The record also reveals that counsel sufficiently cross-examined the victim about her allegations. Counsel attempted to show that Petitioner's other conduct was part of horseplay and lacked criminal intent. Counsel also tried to discredit the victim's testimony, particularly as to the more serious charges. The fact the counsel was unable to secure an acquittal does not mean that counsel was ineffective.

Petitioner next asserts that trial counsel was ineffective for failing to properly investigate the case and present a defense. Specifically, he claims that counsel should have investigated the victim's counseling records and used a medical professional. It is well-established that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003); *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007) ; *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). "American Bar Association standards ... also mandate counsel's duty to investigate all leads relevant to the merits of the case." *Blackburn v. Foltz*, 828 F.2d 1177, 1183 (6th Cir. 1987); *see also Rompilla v. Beard*, 545 U.S. 374, 387 (2005) (noting that ABA standards provide guidance for determining the reasonableness of counsel's conduct). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." *Towns*, 395 F.3d at 258. Inattention or negligence, as opposed to reasoned strategic judgment, is inexcusable. *See Wiggins*, 539 U.S. at 526; *Sims v. Livesay*, 970 F.2d 1575, 1580-81 (6th Cir. 1992).

That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be a matter of trial strategy, and the failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). When making strategic decisions, counsel's conduct must be reasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23.

15

The Michigan Court of Appeals denied relief on this claim finding the record showed that defense counsel believed that the victim's counseling records could have exculpatory value and sought to have those records reviewed by a medical professional and admitted into evidence, but the trial court denied the request for an expert, conducted an *in camera* review of the records, and excluded them. The Michigan Court of Appeals concluded that the record did not support Petitioner's claim that defense counsel was ineffective. *See Brown*, 2006 WL 1041999 at *4-5.

The Michigan Court of Appeals' decision is neither contrary to *Strickland* nor an unreasonable application of the law or the facts. The record reveals that trial counsel was aware of the victim's counseling records, reviewed those materials, sought to obtain a medical expert, and took reasonable steps to investigate and utilize the records. Petitioner has not shown that trial counsel failed to adequately investigate such matters or failed to prepare a plausible defense to the charges. He has not shown that counsel was ineffective.[1]

Petitioner also asserts that counsel was ineffective for failing to investigate his family and for failing to investigate and/or present character witnesses at trial. The Michigan Court of Appeals denied relief on these claims finding that Petitioner failed to overcome the presumption that counsel reasonably decided not to open the door to counter-attacks on Petitioner's character, had failed to disclose the substance of such proposed testimony, and had not shown

---

[1]To the extent that Petitioner asserts that the trial court's refusal to appoint a medical expert and/or the exclusion of the victim's counseling records violated his right to present a defense, such claim have not been exhausted in the state courts and are not ripe for federal habeas review. The Court has allowed Petitioner to re-open this case to proceed only on exhausted claims. Accordingly, the Court will not consider any such claims.

16

what additional information could have been obtained which would have been helpful to his case. *See Brown*, 2006 WL 1041999 at *4, 5.

The Michigan Court of Appeals' decision is neither contrary to federal law nor an unreasonable application thereof. Petitioner has not shown that counsel failed to properly investigate or consider such matters. Counsel may have reasonably determined that character testimony would not assist the defense and would give the prosecution an opportunity to attack Petitioner's character and offer otherwise inadmissible evidence. Petitioner has also not provided evidentiary support for these claims – nor shown that further investigation or action by counsel would have benefitted his defense. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Petitioner failed to establish that counsel erred and/or that he was prejudiced by counsel's conduct.

Petitioner also asserts that trial counsel was ineffective for failing to object to the admission of the letter excerpts, and not requesting that the letters be admitted in their entirety. The Michigan Court of Appeals denied relief on this claim, finding that Petitioner had "not shown the requisite prejudice" to sustain this claim. *See Brown*, 2006 WL 1041999 at *5. This Court agrees. Given the Michigan Court of Appeals' plain error review and denial of relief on the underlying evidentiary claim, as well as this Court's determination that the claim lacks

17

merit, Petitioner cannot establish that counsel erred or that he was prejudiced by counsel's conduct as required by *Strickland*. Moreover, the record reveals that counsel sought to exclude the letters, but the trial court denied his request and allowed relevant excerpts to be read to the jury. Petitioner has not shown that admission of the letters in their entirety would have helped, rather than harmed, his case. He failed to establish that trial counsel was ineffective.

Lastly, Petitioner asserts that habeas relief is warranted due to the cumulative effect of counsel's alleged errors. The Michigan Court of Appeals denied relief on this claim given its analysis of the previous claims. *See Brown*, 2006 WL 1041999 at *5. This decision is neither contrary to federal law nor an unreasonable application thereof. Given the Court's decision that the underlying, individual ineffective assistance of counsel claims lack merit, Petitioner cannot establish that he is entitled to relief on the basis of cumulative error. Petitioner has not shown that trial counsel was ineffective under *Strickland*. Habeas relief is not warranted.

## V. Conclusion

For the reasons stated, Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists would not debate the Court's procedural ruling. A certificate of appealability is not warranted, nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal; an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 26, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 26, 2010.

s/Linda Vertriest
Deputy Clerk